E-FILED
Wednesday, 06 February, 2019  08:00:42 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| DION T. MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 17-cv-1411 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION

This cause is before the Court on Petitioner Dion T. Miller (Petitioner or Miller) Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. 1).[1]  A hearing on the Motion is not required because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."  *Hutchings v. United States*, 618 F.3d 693, 699–700 (7th Cir. 2010) (quotation omitted).  Because Petitioner is not entitled to relief, the § 2255 motion is DENIED.

### I.  BACKGROUND

In September 2014, Miller was charged by indictment of two counts of knowingly and intentionally distributing cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(C).  *See* R. 8.  Because Miller had at least one prior felony drug conviction, he faced a maximum sentence of 30 years in prison if convicted of either offense.  *See* 21 U.S.C. § 841(b)(1)(C).  Miller moved to suppress the evidence obtained during his April 2, 2014, post-arrest search, arguing that law enforcement officers did not have probable cause to arrest him.  *See* R. 19.  However, his motion was denied after an evidentiary hearing on

---

[1] Citations to documents filed in this case are styled as "Doc. ___." Citations to the record in the underlying criminal case, *United States v. Miller*, No. 14-cr-10031 (C.D. Ill.), are styled as "R.___."

November 19, 2014.

During plea negotiations, the Government first offered a nine-year sentence for a plea of guilty to count two and a waiver of Miller's rights to appeal and collateral attack. The initial deadline to accept the first offer was April 2, 2015. At a hearing on April 2, 2015, after being informed by defense counsel that Government's offer did not include a right to appeal the suppression hearing, the Court stated:

> Well, if Mr. Miller insists on having the issue of the motion addressed [on appeal], then the only way that that's going to have to occur, unless there is a plea agreement otherwise, is that the matter will have to be tried. And those are the choices that . . . defendants and defense counsel have to make every day. As long as, Mr. Miller, you are aware of all of your alternatives, the choice is ultimately yours now.

R. 51 at 6. Later at this same hearing, following a recess, defense counsel stated:

> Against my advice, my client [h]as chosen to reject the government's plea offer. I have instructed him that if he accepted the plea offer, he would be facing an agreed term of nine years[;] however, if he proceeded to trial, he could be facing approximately 22 years. If he accepted responsibility with a blind plea, he would be facing approximately 15 years.
>
> In spite of instructing him of such, he has decided that he would like to put this matter on a firm trial call, and he will decide at a later date whether or not he wants to proceed with a blind plea or go to trial.

R. 51 at 8-9.

Counsel's estimates proved to be substantially correct. Fifteen years is 180 months and 22 years is 264 months. When the presentence report ("PSR") was prepared, it found that Miller qualified as a career offender due having at least two prior convictions for "controlled substance offenses." *See* PSR, R. 31. Accordingly, Miller's advisory Guidelines sentencing range was calculated to be 188 months to 235 months based on an offense level of 31 and criminal history of VI. *See* PSR, R. 31 at ¶ 81. Further, had he gone to trial, his offense level would have been three points higher because he would not have been eligible for acceptance of responsibility

reductions.  Accordingly, he would have been subject to an advisory Guidelines sentencing range of 262 to 327 months.

After a request by defense counsel, the Government allowed Miller additional time to accept the first offer.  After further negotiations over email, a second offer was proposed by the government: a 14-year sentence for a plea of guilty to count two that would reserve Miller's right to appeal the suppression ruling for appeal pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure and did not require an appeal or collateral attack waiver.  The Government still left open the offer for the 9-year sentence and, at the request of defense counsel, brought both agreements to court for the change of plea hearing.  Resp., Doc. 8 at 8.

Finally, at the change of plea hearing on May 21, 2015, Miller decided to enter into the second offer for the 14-year sentence that did not include an appeal or collateral attack waiver and, under Rule 11(a)(2), explicitly reserved his right to appeal the denial of the motion to suppress.  *See* Plea Agreement, R. 28.  The hearing substantially complied with Rule 11(b) of the Federal Rules of Criminal Procedure, and the transcript makes clear that Miler made the following representations while under oath: (1) he understood that the agreement called for a sentence of 14 years in prison and that he was reserving his right to appeal this Court's ruling on the motion to suppress; (2) he understood the plea agreement was the complete and only agreement between himself and the government, and he understood the terms of the agreement; (3) he said that no one had threatened him to get him to plead guilty and that he was pleading guilty of his own free will; (4) he understood the elements of the offense to which he was pleading guilty and the maximum penalties for that offense under the relevant statutes; (5) he understood he had the right to counsel and the right to persist in his plea of not guilty; (6) he understood his trial rights and that he was waiving those rights by pleading guilty; (7) he

understood he would lose valuable civil rights by pleading guilty; and (8) he agreed with the government's recitation of the facts underlying count two of the indictment. *See generally*, R. 44 at 2-13.

At the hearing, Miller asked whether the Court would possibly sentence him to a sentence of less than 14 years if the presentence report were to reflect an advisory Guidelines range less than the agreed sentence of 14 years. R. 44 at 14-15. The Court answered, "Not if I accept the plea agreement. . . . [and] what I intend to do today, frankly, . . . I intend to put this issue to rest and to accept the plea agreement today." *Id*. at 15. The Court then reiterated, "[I] will accept it today so that you will know what your sentence is going to be," and then asked Miller, "So, with that in mind, are you asking me to accept this plea agreement?" *Id*. Miller answered, "Yes." *Id*.

At the sentencing hearing, the probation officer determined that Miller was a career offender and calculated an advisory Guidelines range of 188 to 235 months in prison based on a total offense level of 31 and a criminal history category of VI. R. 45 at 6-7. The Court adopted the findings of the probation officer. *Id.* However, having already accepted the parties' plea agreement, the Court imposed the agreed sentence of 168 months (14 years) imprisonment. *Id.* at 17. Prior to imposing that sentence, this Court afforded Miller the opportunity to give an allocution, during which Miller stated, "[A]lmost everything I have done has been against the advisement of . . . counsel." R. 45 at 12.

Miller appealed and the Seventh Circuit confirmed his conviction and sentence on July 5, 2016. *United States v. Miller*, 654 F. App'x 839, 842, 843 (7th Cir. Jul. 5, 2016) (unpubl.). His petition for certiorari was denied on October 31, 2016. *Miller v. United States*, 137 S. Ct. 392 (2016).

Miller filed this timely Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

Sentence by a Person in Federal Custody (Doc. 1) on September 11, 2016, alleging ineffective assistance of counsel related to his guilty plea. Specifically, Miller alleges his counsel was ineffective for: (1) failing to advise him that he could plead guilty without a plea agreement from the government; (2) advising him to enter a plea agreement that dictated a 14 year sentence and did not allow him to challenge his sentence; (3) allowing him to enter into a plea agreement that did not allow his sentence to be determined after a full probation investigation and sentencing hearing; and (4) advising him to enter into a plea agreement that waived his full appellate rights except for a review of the suppression decision.

The Government filed its Response (Doc. 8). Miller has filed a Reply (Doc. 9), in which he does not dispute any of the facts as recounted by the Government and further indicates he adopts and incorporates the facts as recited in the Government's response. Additionally, Miller articulates an additional claim for relief in his reply—that the Government was being vindictive by only agreeing to allow him to maintain his appeal rights if he agreed to a higher sentence, that counsel was ineffective for letting him enter into the plea that denied him constitutional rights, and that this made the plea involuntary. This Order follows.

## II. LEGAL STANDARD

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 268 (1995). Section 2255 is

limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993) (citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993)).

A § 2255 motion is not a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) non-constitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994). "[I]t is generally proper to raise arguments of ineffective assistance of counsel for the first time on collateral review in a § 2255 petition because such claims usually. . . involve evidence outside the record." *Galbraith v. United States*, 313 F.3d 1001, 1007 (7th Cir. 2002).

The Sixth Amendment guarantees criminal defendants effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). Under *Strickland's* familiar two-part test, Petitioner must show both that his attorney's performance was deficient and that he was prejudiced as a result. *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 690. A prisoner must also prove

that he has been prejudiced by his counsel's representation by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. *United States v. Delgado,* 936 F.2d 303, 311 (7th Cir. 1991).

In the plea-bargaining phase, "reasonably competent counsel will 'attempt to learn all of the facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis before allowing his client to plead guilty.'" *Gaylord v. United States*, 829 F.3d 500, 506 (7th Cir. 2016) (citing *Moore v. Bryant*, 348 F.3d 238, 241 (7th Cir. 2003)). Mistakes, nor omissions, in an attorney's advice do not necessarily constitute ineffective assistance of counsel. *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002). "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366 (1970). The defendant must also show that to reject the plea agreement and go to trial would have been rational under the circumstances. *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

### III. ANALYSIS

Miller alleges his counsel was ineffective in explaining his plea options to him. Specifically, Miller believes had he entered into a blind or open plea he would have kept his appellate rights and received an equal or lower sentence. As an initial matter, his allegations that his lawyer did not properly advise him of his option to enter into an open or blind plea are directly contradicted by the record. Miller's counsel's statement in court on April 2, 2014, in Miller's presence, clearly informed Miller of his option to enter into a blind plea. R. 51 at 8-9. The transcripts also clearly show that Miller was advised that if he accepted the Government's

original deal he would face 9 years in prison, if he accepted entered a blind plea would face approximately 15 years, and if he proceeded to trial could be facing 22 years. *Id.* Not to mention, Miller's counsel refutes this claim repeatedly in his affidavit. *See* Resp. App., Doc. 8-1 at 45. Miller also provides no explanation for why this conduct necessarily falls outside "the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 690.

Regardless, assuming that Miller would be able to show that his counsel provided deficient assistance, he must also show he was prejudiced. Miller must show that there is a "reasonable probability" that counsel's allegedly deficient conduct caused a worse result for him, "which means a probability sufficient to undermine confidence in the outcome." *Foster v. United States*, 735 F.3d 561, 566 (7th Cir. 2013). Miller fails to show prejudice because the record shows he would not have entered a blind plea given the consequences of doing so and would not have been better off if he did. Miller believes that had he entered an open or blind plea, he would have maintained all appellate rights. He is wrong. "[A]n unconditional guilty plea waives appellate review of all non-jurisdictional pretrial issues." *United States v. Novak*, 841 F.3d 721, 726 (7th Cir. 2016) (citing *United States v. Adams*, 125 F.3d 586, 588 (7th Cir. 1997)); *see also,* Fed. R. Crim. P. 11(a)(2). As the Court advised Miller during the April 2, 2014 hearing, the only way to preserve his right to appeal the denial of the motion to suppress was via an agreement with the government specifically granting this right pursuant to Fed. R. Crim. P. 11(a)(2) or by proceeding to trial. *See* R. 51 at 6.

Miller also argues that there was "no reason to lock him into a 168-month sentence." Pet. Memo., Doc. 2 at 7. Presumably, he is arguing that he would have received a sentence lower than 168 months (14 years), if he plead guilty pursuant to an open plea. However, the PSR found his advisory guideline sentencing range was 188 months to 235 months. PSR, R. 31 at

¶ 81.  Miller has not presented any potential mitigating evidence or legal arguments as to why he believes he would have received a lower sentence.  He may be arguing that, had he proceeded with an open or blind plea, he would not have been classified as a career offender under U.S.S.G. § 4B1.1.  *See* Pet. Mem., Doc. 2 at 8 ("Counsel was ineffective where he had movant waive any right to challenge a sentence outside of the guideline range").  However, Miller has not provided any explanation for why this might be so, and, in light of his criminal history, it is far from reasonably probable.  *See* PSR, R. 31 at ¶ 20 (finding Miller qualified as a career offender under U.S.S.G. §4B1.1 due to his conviction for Manufacture/Delivery of a Controlled Substance in McLean County, Illinois, Case No. 05-CF-823 and Manufacture/Delivery of a Controlled Substance in McLean County, Illinois, Case No. 09-CF-55).  While it is true that there was "no possibility of a sentence less than 168 months" once Miller accepted the plea agreement, Pet. Memo., Doc. 2 at 8, Miller has shown no reasonable probability "of a sentence less than 168 months" if he had entered an open plea.

Nor is there any reasonable probability that Miller would have received a more favorable outcome had he gone to trial.  Miller does not argue that he would not have been found guilty at trial.  Given the substantial evidence against Miller, there is not a reasonable probability that he would have been acquitted.  *See, e.g.,* Plea Agreement, R. 28 (listing the stipulated facts of the case, which included that law enforcement found approximately 26.5 grams of crack cocaine beneath Miller's boxer shorts during a search incident to his arrest).  After a guilty finding at trial, he would have faced an advisory-guidelines sentencing range of 262 to 327 months.  And, again, Miller has presented no argument beyond conclusory statements as to why his sentence would not have been within that range.  Indeed, the only outcome that had a reasonable probability of a sentence lower than 168 months was had he accepted the plea agreement with a

sentence of nine years (108-months) that his attorney repeatedly advised him to take. *See* Resp. App., Doc. 8-1 at 45. Accordingly, Miller has failed to demonstrate prejudice because he has failed to show a reasonable probability that but for the allegedly deficient advice he would have entered a blind or open plea or proceeded to trial, or that it would have been rational under the circumstances to do so. *See Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

Miller also alleges that his attorney was ineffective for advising him to enter a plea agreement whereby he waived all appellate rights beyond a review of the suppression decision. However, the agreement he entered into contained no appellate waiver, *see* R. 28, and Miller does not explain what issue he wanted to or could have otherwise appealed. As noted above, Miller may believe that he could have appealed the applicability of the Career Offender Guideline had he not accepted a plea agreement. *See* Pet. Mem., Doc. 2 at 8. However, Miller has not presented any evidence for why he would not have been classified as a career offender under the guidelines in light of his criminal history if he had entered an open or blind plea or proceeded to trial, let alone what ground he would have had to appeal any decision this Court made at sentencing. Accordingly, Miller again fails to show any prejudice for this allegedly deficient advice.

Finally, Miller attempts to raise various new grounds for relief in his Reply. These grounds for relief are summarily rejected. New arguments may not be raised in reply. *See Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) ("arguments raised for the first time in a reply brief are deemed waived"); *Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) (same); *United States v. Foster*, 652 F.3d 776 n. 5 (7th Cir. 2001) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court."). Moreover, Miller's argument that the Government was vindictive for offering him a

plea agreement with a higher sentence if he did not waive his appellate rights is without merit. The cases on which Miller relies all concern increased sentences given to a defendant after retrial. *See* Reply, Doc. 9 at 3 (*citing, e.g., North Carolina v. Pearce*, 395 U.S. 711, 725 (1969); *Texas v. McCullough,* 475 U.S. 134 (1986)). These are quite distinguishable from the Government's decision to offer defendant a better plea deal if he agrees to waive his appellate rights—a typical and enforceable clause in many plea agreements. *See, e.g., Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999) ("We have routinely held that a defendant may waive the right to a direct appeal as part of a written plea agreement").

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, Petitioner has not made a substantial showing of the denial of a constitutional right. The Court declines to issue a certificate of appealability.

### IV. CONCLUSION

For the reasons stated, Petitioner Dion T. Miller's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. 1) is DENIED. The Court declines to issue a certificate of appealability. This case is CLOSED.

Signed on this 6th day of February 2019.

*s/ James E. Shadid*
James E. Shadid
Chief United States District Judge